**United States Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | Case No.: 12-CV-05776-LHK |
| Plaintiff, | ) ) | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | ) ) | |
| PEDRO SALVADOR SAUCEDO, | ) ) | |
| Defendant. | ) ) | |

On December 21, 2012, the Clerk of the Court entered default against Defendant Pedro Salvador Saucedo, individually and doing business as Mariscos El Pilar De Nayarit ("Defendant"), after Defendant failed to appear or otherwise respond to the Summons and Complaint in this case within the time prescribed by the Federal Rules of Civil Procedure. *See* ECF No. 10. Before this Court is the Motion for Default Judgment filed by J&J Sports Productions, Inc. ("Plaintiff"). *See* Mot. Default J. ("Mot."), ECF No. 12. Defendant, not having appeared in this action to date, has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. Accordingly, the hearing and the case management conference set for October 31, 2013, are VACATED. For the reasons discussed below, Plaintiff's Motion for Default Judgment is GRANTED.

## I.    BACKGROUND

Plaintiff J&J Sports Productions, Inc. is a sports and entertainment programming

1

United States District Court
For the Northern District of California

distributor, and alleges it secured the exclusive nationwide commercial distribution rights to broadcast the "Manny Pacquiao v. Juan Manuel Marquez III, WBO Welterweight Championship Fight Program" (the "Program"), which telecast nationwide on November 12, 2011. *See* Compl. ¶ 14, ECF No. 1. Plaintiff then entered into sub-licensing agreements with various commercial entities throughout the United States, wherein it granted limited public exhibition rights to these entities in exchange for licensing fees. *See* Compl. ¶ 15. On November 12, 2011, investigator Irene Calderon observed the Program being displayed at Defendant's commercial establishment, Mariscos El Pilar De Nayarit, located in Seaside, California. *See* Compl. ¶¶ 7-12; Mot. at 2. Plaintiff alleges that Defendant intercepted the Program unlawfully, and intentionally exhibited it for the purpose of direct or indirect commercial advantage. *See* Compl. ¶¶ 17-18.

On November 9, 2012, Plaintiff filed this action against Defendant for: (1) violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 605, *et seq.*; (2) violation of the Cable Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553, *et seq.*; (3) conversion; and (4) violation of California Business and Professions Code §§ 17200, *et seq. See* ECF No. 1. On November 23, 2012, Plaintiff served Defendant with a copy of the Summons, Complaint, and related documents. *See* ECF No. 5. Pursuant to Federal Rules of Civil Procedure Rule 12(a)(1)(A)(i), Defendant was thereby required to file and serve a response to Plaintiff no later than December 14, 2012. However, Defendant failed to appear and also failed to file any responsive pleading. *See* Decl. Thomas P. Riley Supp. Pl.'s Appl. Default J. ("Riley Decl.") ¶ 2, ECF No. 12-2.

On December 21, 2012, the Clerk of the Court granted Plaintiff's request and entered default against Defendant. *See* ECF No. 10. Plaintiff now moves for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* ECF No. 12.

## II.     DISCUSSION

### A.     Default Judgment

The Court finds that default judgment is appropriate in the instant case. If a defendant fails to answer a complaint in a timely manner, a plaintiff may move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). The district court's decision whether to enter a default

Case No.: 12-CV-05776-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**United States District Court**
For the Northern District of California

1  judgment is discretionary.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per

2  curiam).  When deciding whether a default judgment is warranted, a court may consider the

3  following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
> substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at
> stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6)
> whether the default was due to excusable neglect, and (7) the strong policy
> underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

7  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Generally, default judgments are

8  disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."

9  *Id.* at 1472.

10  Here, many of the *Eitel* factors favor entry of default judgment.  First, Plaintiff will likely

11  be prejudiced if default judgment is not entered.  Because Defendant has refused to take part in the

12  litigation, Plaintiff will be denied the right to adjudicate the claims and obtain relief if default

13  judgment is not granted.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D.

14  Cal. 2002).  Additionally, there is no indication that Defendant's default is due to excusable neglect

15  or that material facts are disputed since Defendant has not presented a defense or otherwise

16  communicated with the Court.  Moreover, though public policy favors decisions on the merits,

17  litigation of the merits is simply not possible in light of Defendant's refusal to litigate.

18  In contrast, Plaintiff's request for maximum statutory damages weighs against granting an

19  entry of default judgment, particularly because the amount requested appears disproportionate to

20  the harm alleged.  *See Eitel*, 782 F.2d at 1472.  However, given that the Court may address the

21  reasonableness of Plaintiff's request when deciding the question of damages, the Court need not

22  deny default judgment on this factor alone.  *See, e.g.*, *Joe Hand Promotions, Inc. v. Mujadidi*, No.

23  11-5570, 2012 WL 3537036, at *3 (N.D. Cal. Aug. 14, 2012) (noting that a request for maximum

24  possible statutory damages "is not enough on its own to bar a default judgment . . . as it may be

25  addressed by the Court in deciding what damages should be awarded, assuming that a default

26  judgment is otherwise appropriate.").

27  The second and third *Eitel* factors, involving the merits of Plaintiff's substantive claim and

28  the sufficiency of the Complaint, warrant a closer analysis by the Court.  Although Plaintiff's

3

complaint alleges violations of (1) 47 U.S.C. § 605, (2) 47 U.S.C. § 553, (3) California's law against conversion, and (4) California Business and Professions Code §17200, Plaintiff's Motion for Default Judgment only seeks damages under 47 U.S.C. § 605 and for conversion. *Compare* Compl. at 4-9 *with* Riley Decl. ¶ 7.

Section 605 of the Federal Communications Act of 1934 "prohibits the unauthorized receipt and use of radio communications for one's 'own benefit or for the benefit of another not entitled thereto.'" *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (citing 47 U.S.C. § 605(a)). "[T]he 'communications' protected by § 605(a) include satellite television signals." *Id.* Section 553 of the Cable Television Consumer Protection and Competition Act of 1992, however, prohibits the unauthorized reception or interception of "any communications service offered over a *cable* system, unless specifically authorized to do so . . . ." 47 U.S.C. § 553(a)(1) (emphasis added). It follows that, generally, "a plaintiff may not recover under both § 605 and § 553 as it is highly unlikely that a pirate used a satellite dish and a cable box to broadcast a single program simultaneously." *Mujadidi*, No. 11-5570, 2012 WL 3537036, at *3 (internal citation omitted).

Plaintiff states that Defendant violated Section 605 because, "[w]ith full knowledge that the Program was not to be intercepted . . . displayed, and/or exhibited by commercial entities unauthorized to do so, . . . Defendant . . . did unlawfully intercept . . . display, and/or exhibit the Program at the time of its transmission at his commercial establishment . . . ." Compl. ¶ 17. However, Plaintiff fails to state the actual means of signal transmission used, which is necessary to determine whether Plaintiff has sufficiently stated a claim pursuant to either Section 605 or Section 553. *See* Mot. at 8 (stating "Plaintiff cannot determine the precise means that the Defendant used to receive the *Program* unlawfully"). Indeed, the declaration of Plaintiff's investigator, Irene Calderon, does not state whether the establishment has a satellite dish or whether a cable box was visible. *See* Decl. of Affiant at 1-2, ECF No. 12-3.

When the means of signal transmission used is uncertain, courts have been split on whether to apply Section 553 or Section 605 in the context of a motion for default judgment.[1] The Court

_____

[1] *Compare, e.g.*, *J&J Sports Prods., Inc. v Ro*, No. 09-02860, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010) (analyzing the defendant's violation under Section 553, despite an investigator "[not having seen] a cable box and [having seen] a satellite dish" at the establishment, because "without

4

United States District Court
For the Northern District of California

1  need not resolve this issue here as Plaintiff's allegations suffice to demonstrate that Defendant

2  violated either Section 553 or Section 605, and both statutes provide a discretionary range of

3  possible damage awards that partially overlap.  As discussed in Part II.B, the Court awards Plaintiff

4  damages that fall within both statutory ranges.  Therefore, for the purposes of this particular case,

5  any uncertainty as to whether Defendant violated Section 553 or 605 is immaterial; the statutory

6  award in the same amount is equally appropriate in either case.  *See G&G Closed Circuit Events,*

7  *LLC v. Castro*, No. 12-01036, 2012 WL 3276989, at *3 (N.D. Cal. Aug. 9, 2012) (finding, in the

8  context of a similar case, that "[a]ny uncertainty as to whether [Defendants] in fact violated Section

9  605 is immaterial in light of the fact that a statutory award in the same amount is equally

10 appropriate in the event [Defendants] actually violated Section 553.").

11        Finally, the Court finds that default judgment on Plaintiff's conversion claim is also

12 appropriate in the instant case.  The elements of conversion are: (1) ownership of a right to

13 possession of property; (2) wrongful disposition of the property right of another; and (3) damages.

14 *See Tyrone Pacific Int'l, Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981) (citing *Hartford*

15 *Financial Corp. v. Burns*, 96 Cal. App. 3d 591, 598 (1979)).  Plaintiff properly alleges ownership

16 of the distribution rights to the Program, misappropriation of those rights by Defendant's unlawful

17 interception, and damages.  *See* Compl. ¶¶ 28-31.  Therefore, Plaintiff's allegations regarding

18 liability, which are taken as true in light of the Clerk's entry of default, are sufficient to entitle

19 Plaintiff to damages.

20        Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment.

21    **B.    Requests for Relief**

22        Plaintiff requests $10,000 in statutory damages for violation of 47 U.S.C.

23 § 605(e)(3)(C)(i)(II), and $100,000 in enhanced damages for willful violation of 47 U.S.C.

---

better homework by the investigator, the Court will not rule out the presence of a cable box"), *and
J&J Sports Prods., Inc. v Ayala*, No. 11-05437, 2012 WL 4097754, at *2 (N.D. Cal. Sept. 17,
2012) (finding that "[b]ecause sufficient facts have not been alleged" and "Plaintiff [has not]
presented any affidavit evidence of a satellite, . . . 47 U.S.C. § 605 does not apply" and instead
"[construing] this motion as solely seeking damages under § 553"), *with G&G Closed Circuit
Events, LLC v. Castro*, No. 12-01036, 2012 WL 3276989, at *2 (N.D. Cal. Aug. 9, 2012) (finding
that when "there is an insufficient basis to conclude with certainty which of the two statutes would
support an award of statutory damages," it is "unsatisfactory" to presume a violation of § 553 as
opposed to § 605 where Plaintiff has not sought damages under § 553).

Case No.: 12-CV-05776-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

§ 605(e)(3)(C)(ii).  *See* Mot. at 11, 14.  Plaintiff also seeks $2,200 in conversion damages, the amount Defendant allegedly would have been required to pay had Defendant licensed the Program from Plaintiff.  *See* Mot. at 20.

While a court must assume that all well-pleaded allegations regarding liability are true once the Clerk of Court enters default, this same presumption does not apply to a plaintiff's request for damages.  *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.").

### 1.      Statutory Damages

Plaintiff requests maximum statutory damages available under Section 605, noting that the court has discretion to award significant damages "[e]ven in . . . cases of commercial signal piracy where there has been no egregious circumstances noted[.]"  Mot. at 11.  Section 605(e)(3)(C)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of § 605(a), as the Court considers just.  Section 553(c)(3)(A)(ii) also provides that an aggrieved party may recover a sum up to $10,000 for each violation, but affords courts discretion to award as little as $250.  "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the Defendant."  *Joe Hand Promotions v. Kim Thuy Ho*, No. 09-01435, 2009 WL 3047231, at *1 (N.D. Cal. Sept. 18, 2009) (internal quotation marks and citation omitted).

Plaintiff submits evidence that a commercial license for the broadcast of the Program would have cost Defendant approximately $2,200, based on the estimated 70-person capacity of Defendant's commercial establishment.  *See* Pl.'s Aff. Supp. Appl. Default J. ("Gagliardi Decl.") ¶ 8, ECF No. 15; *see id.*, Ex. 1 (advertising that to order the *Manny Pacquiao v. Juan Manuel Marquez III* fight on November 12, 2011, the rate was $2,200 for seating up to 100 people and $4,200 for seating between 100 and 200 people).  Alternatively, as to potential profits of Defendant, Plaintiff submits evidence that three separate head counts, at various times, revealed

that the total number of patrons were 25, 18, and 36, and that there was no cover charge.  *See* Decl. of Affiant at 1-2.  As there is no evidence of how much Defendant made during the unlawful exhibition of the Program, the Court shall base statutory damages on the cost of the commercial license.

Accordingly, the Court finds that Plaintiff is entitled to $2,200 in statutory damages.

### 2.  Enhanced Damages

Plaintiff also requests enhanced damages pursuant to Section 605(e)(3)(C)(ii).  Mot. at 14.  This section authorizes the Court to award up to $100,000, in its discretion, upon finding that the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain."  In contrast, 47 U.S.C. § 553(c)(3)(B) authorizes the Court discretion to award up to $50,000.

The Court does not find that an award of maximum damages under either statute is appropriate here.  In support of an enhanced damages award, Plaintiff submits evidence that Defendant is a repeat offender, which is one factor indicating that Defendant's actions were willful and may warrant a greater enhanced damages award.  *See* Supp. Decl. Thomas P. Riley ("Supp. Riley Decl."), ECF No. 12-4; *see, e.g., Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 n.2 (N.D. Cal. 2000) (noting that "a higher statutory award may be justified in cases where defendants are repeat offenders who have pirated similar Programs on previous occasions, and who need an especially severe financial deterrent").  Specifically, Plaintiff has submitted evidence that two additional actions have been brought against Defendant for commercial signal piracy.  *See* Supp. Riley Decl. ¶ 4.  In those cases, U.S. District Judge Edward Davila entered default judgment against Defendant.  *See, e.g., J & J Sports Prods., Inc. v. Saucedo*, No. 10-CV-05131  EJD, 2011 U.S. Dist. LEXIS 112947 (N.D. Cal. September 30, 2011) ("*Saucedo I*"); *J & J Sports Prods., Inc., v. Saucedo*, No. 12-CV-04657 EJD, 2013 U.S. Dist. LEXIS 76345 (N.D. Cal. May 30, 2013) ("*Saucedo II*").

The unlawful conduct that forms the basis for the instant Complaint occurred after the filing of the complaint and entry of default judgment in *Saucedo I*, but before the filing of the complaint and the entry of default judgment in *Saucedo II*.  Plaintiff alleges that the Program was telecast in

7

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    the instant case on November 12, 2011.  *See* Compl. ¶ 14.  In *Saucedo I*, Plaintiff alleged that the

2    unlawful interception of the program occurred on November 14, 2009.  *See* 2011 U.S. Dist. LEXIS

3    112947 at *3.  Plaintiff filed the *Saucedo I* complaint on November 12, 2010, and Judge Davila

4    entered default judgment on September 30, 2011.  *Id*. at *1, *8.  Judge Davila awarded Plaintiff a

5    total of $2,450 in damages ($250 for statutory damages, no enhanced damages, and $2,200 for

6    conversion damages).  *Id*. at *6-7.

7         In *Saucedo II*, Plaintiff alleged that the unlawful interception of the program occurred on

8    September 17, 2011.  2013 U.S. Dist. LEXIS 76345 at *2.  Plaintiff filed the complaint on

9    September 6, 2012, and Judge Davila entered default judgment on May 30, 2013.  *Id*. at *3, *16.

10   Judge Davila awarded Plaintiff a total of $4,650 in damages ($250 for statutory damages, $2,200

11   for enhanced damages, and $2,200 for conversion damages).  *Id*. at *11-16.  Defendant thus was

12   not on notice of the enhanced damages award in *Saucedo II* at the time of the operative conduct at

13   issue.

14        The Court also notes that there is no evidence of significant "commercial advantage or

15   private financial gain" in the instant case, which weakens the case for an award of greatly enhanced

16   statutory damages.   Plaintiff has presented evidence that Defendant had three television sets in his

17   commercial establishment that displayed the Program.  *See* Decl. of Affiant at 1-2.  Plaintiff also

18   asserts that there were between 18 to 36 patrons present during its investigation and submits

19   evidence that Defendant placed a sign on the window advertising the Program.  See id.  However,

20   there is no evidence that Defendant assessed a cover charge, had a minimum purchase requirement,

21   or had a special premium on food and drink on the night of the fight.  *See Kingvision Pay-Per-

22   View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 n.2 (N.D. Cal. 2000) (stating that "[a]n

23   establishment that does not promote itself by advertising the Program, does not assess a cover

24   charge, and does not charge a special premium for food and drinks hardly seems like the willful

25   perpetrators envisioned by the statute's framers."); *but cf. J&J Sports Prods., Inc. v. Mosley*, No.

26   10-5126, 2011 U.S. Dist. LEXIS 56220, at *12-15 (N.D. Cal. Apr. 13, 2011) (awarding $2,500 in

27   enhanced damages under Section 553, where 17 patrons were present, there was no cover charge).

28        In light of these facts, the Court does not agree with Plaintiff that the maximum enhanced

United States District Court
For the Northern District of California

damages award is warranted.  Although Plaintiff cites to several out-of-district cases to support its request for maximum enhanced damages possible, *see* Mot. at 14-19, Plaintiff has not cited any binding precedent or identified any specific circumstances that justify such a high award.

Therefore, the Court GRANTS Plaintiff's request for enhanced damages, but concludes that an award of $3,000 is more than adequate and just to compensate Plaintiff for lost profits and to deter Defendant's future infringement.

### 3.     Damages for Conversion

Plaintiff also seeks $2,200 in damages for conversion under California Civil Code § 3336. Mot. at 20.  Damages for conversion are based on the value of the property at the time of conversion.  *See Tyrone Pac. Intern., Inc.*, 658 F.2d at 666.  As noted in Part II.B.1, the commercial license allegedly would have cost Defendant $2,200.  *See* Gagliardi Decl. ¶ 8, ECF No. 15.  Thus, Plaintiff's request is appropriate.

Accordingly, the Court finds that Plaintiff is entitled to $2,200 in damages for conversion.

## III.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Default Judgment is GRANTED. Judgment shall be entered in favor of Plaintiff J&J Sports Productions, Inc., and against Defendant Pedro Salvador Saucedo, individually and doing business as Mariscos El Pilar De Nayarit. Plaintiff shall recover $7,400 in total damages.[2]  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 28, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2]  Although Plaintiff's Complaint requests attorney's fees pursuant to 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii), Compl. at 5-6, Plaintiff's Motion for Default Judgment does not specifically request these fees and costs, nor does it provide any evidence to support providing such an award.  Thus, the Court declines to award attorney's fees and costs at this time.  If Plaintiff's counsel wishes to recover attorney's fees and costs, he must file an affidavit and supporting documentation within 30 days of the date of this Order, including a curriculum vitae or resume as well as billing and cost records to justify such an award.

Case No.: 12-CV-05776-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT